## CRAIG V. WEST.

SURETYSHIP: EVIDENCE ESTABLISHING.

*Appeal from Jefferson District Court.*

THURSDAY, OCTOBER 18.

THE plaintiff avers that he was surety upon a promissory note for the defendant, West; that the note was put in judgment, and that he paid one-third of the judgment. He brings this action to recover for such pay-ment. The defendant denies that the plaintiff was surety for him. He admits the execution of the note, but says that he and the plaintiff and one A. E. Bryant were all sureties upon the note for one A. M. Bryant, and that the plaintiff had knowledge of such fact. He further says that the judg-ment was paid by all the sureties, each contributing one-third. There was a trial to the court, and judgment was rendered for the defendant. The plaintiff appeals.

*Leggett & McKenney*, for appellant.

*McCoid & West*, for appellee.

ADAMS, J.—The note in question was in these words:

"Six months after date I promise to pay to the order of, etc., * * * * one thousand dollars, etc., * * * *.

"Signed, A. M. BRYANT.
. S. K. WEST.
A. E. BRYANT,
A. C. CRAIG."

The evidence shows beyond dispute that it was understood between the

payee and A. M. Bryant and West, that Bryant was the principle and the other signers merely sureties. The indebtedness, it is true, was originally the indebtedness of A. M. Bryant and West as partners. They originally owed the payee a note of $2,000. But they dissolved partnership, and West settled with payee for $1,000, which was understood to be his share as between the partners; and Bryant for his share gave the note in question, with the three sureties as above mentioned. The plaintiff, Craig, had been surety upon the original note on which West was confessedly principal, and he claims that he supposed, and had a right to suppose, that West was principal on the note for $1,000. Whether he can be allowed to set up his understanding respecting West's relation to the note as against the fact, we need not determine. We think that there is some evidence that his understanding was not what he claims it to be, but that West was merely surety. For the purpose of sustaining the judgment, we should be justified in presuming that the court so found. It is shown in evidence that after the note was put into judgment, A. E. Bryant paid one-third, and the plaintiff and West together stayed the balance, and that at the expiration of the stay each paid one-half. No claim or suggestion appears at that time to have been made by the plaintiff that it was the debt of West as principal, nor does any explanation appear for the fact that each paid precisely one-half of what remained, if that was not in accord with their respective obligations. We think that there is some other evidence tending to lead to the conclusion that the plaintiff regarded West as co-surety, and not as principal.

In our opinion the judgment must be

AFFIRMED.